**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

AUG 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KENNETH R. DOWTHARD, ) | |
| Petitioner, ) | DOCKET NO. 05 CR 50052 |
| ) | 08 C 50184 |
| v. ) | HONORABLE JUDGE |
| ) | PHILIP G. REINHARD |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Pursuant to 28 U.S.C. §2255, et seq., and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, comes now the petitioner, KENNETH R. DOWTHARD, pro se, respectfully submitting this Motion and attached memorandum of law under U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody.

RESPECTFULLY SUBMITTED,

_____
KENNETH R. DOWTHARD, pro se
Reg. No. 12692-424

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**
AUG 2 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KENNETH R. DOWTHARD, )
    Petitioner, )
  )
  ) DOCKET NO. 05 CR 50052
  ) 08 C 50184
v. )
  ) HONORABLE JUDGE
  ) PHILIP G. REINHARD
UNITED STATES OF AMERICA, )
    Respondent. )

MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER
28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT SENTNECE

COMES NOW, KENNETH R. DOWTHARD, Petitioner, pro se, pursuant to 28 U.S.C. §2255, et seq., and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, respectfully submitting this Motion and Memorandum of Law under 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody.

### I. PROCEDURAL HISTORY

1. On April 7, 2005, the petitioner was the subject of a traffic stop for purportedly not having his seatbelt engaged while he was operating his vehicle.

2. On June 7, 2005, the petitioner was arrested by the federal authorities charged with violating 21 U.S.C. §841(a)(1)

possession with intent to distribute cocaine base, 18 U.S.C. §924(c)(1)(A) possession of a firearm in furtherance of a drug trafficking crime and 18 U.S.C. §922(q)(1) felon in possession of a firearm.

3.  On September 16, 2005, the petitioner filed, in District Court, a motion to suppress all evidence detained by the Rockford Police Department alleging that the initial traffic stop was unlawful thereby rendering any and all evidence collected and siezed as a result of the unlawful search inadmissable.

4.  On February 3, 2006, the District Court denied the petitioner's Motion to Suppress the evidence.

5.  On March 14, 2006, the petitioner entered into a conditional plea (reserving the right to appeal his suppression of evidence issue) pleading guilty to 21 U.S.C. §841(a)(1), possession with intent to distribute cocaine base, and 18 U.S.C. §922(q)(1), felon in possession of a firearm.

6.  On June 19, 2006, the petitioner was sentenced to 156 months on Count one of the plea agreement, and 120 months on Count two of the plea agreement, both to run concurrent. In addition, the petitioner was given three (3) years of supervised release.

7.  On June 29, 2006, the petitioner filed a timely Notice of Appeal to the Seventh Circuit Court of Appeals.

8. On December 13, 2006, the petitioner, pursuant to the scheduling order provided for by the Seventh Circuit Court of Appeals, filed his appellate brief.

9. Oral arguments were heard by the Appellate Court on April 11, 2007.

10. The Seventh Circuit Court of Appeals denied the petitioner's appeal on August 29, 2007.

11. The petitioner did not seek a Writ of Certiori from the United States Supreme Court.

## II. GROUNDS FOR RELIEF

12. By his 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence, the petitioner asserts that his conviction and sentenced violate the Fifth, Sixth and Eighth Amendments to the United States Constitution, for each of the reasons set forth herein. Moreoever, in this case the rulings and decisions of the federal courts, were contrary to, and/or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court and the CIrcuit Courts of Appeal; and/or were based on an unreasonable determination of the facts in light of the evidence presented before the District Court.

13. This Motion sets forth the claims requiring §2255 relief and provides the factual basis for only some claims. The

petitioner submits this Motion for a §2255 relief in compliance with the Federal Rules of Civil Procedure R. 8(a), containing a "short and plain statement of the claim made and the relief sought", and anticipates filing a Memorandum of Law describing the standard of review and legal argument to be applied to such claims of relief.

### III. STATEMENT OF RIPENESS

14. The petitioner hereby submits this introductory statement of Ripeness.

15. The petitioner's judgment and conviction became final on August 29, 2007, the day the Seventh Circuit Court of Appeals affirmed the district court's decision to perserve the petitioner's conviction.

16. The petitioner did not seek a Writ of Certiori to the United States Supreme Court, therefore pursuant to 28 U.S.C. §2255(1) the presentation of This Motion before this court is timely and ripe.

### VI. CLAIMS FOR RELIEF

A.) Ineffective Assistance of Counsel

17. Counsel for petitioner failed to adequately investigate the case, failed to interview witnesses, failed to consult with

his client, failed to make proper objections, failed to pursue proper legal theories or otherwise, failed to perform as counsel is so obligated under the 6th Amendement, and <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

18. Counsel for petitioner waived Speedy Trial without fully informing his client of the legal ramifications.

19. Counsel for petitioner failed to adequately prepare, argue and brief a Motion to Dismiss an indictment filed before the trial court.

20. Counsel for the petitioner failed to argue that a violation of 21 U.S.C. §841, pursuant to Legislative intent, requires possession of a minimum of five (5) grams of cocaine base. However, he nonetheless negotiated a plea agreement despite the fact that the petitioner was alleged to have been in possession of a lesser amount.

21. Counsel for petitioner was ineffective in that he failed to advise his client that his actions were not violative of 21 U.S.C. §841(b)(1)(A)(ii) and/or 21 U.S.C. §841(B)(III)(iii) in that a violation of said statute requires a minimum of five (5) grams of cocaine base.

22. Counsel for petitioner was ineffective because he failed to advise his client that although he did not violate 21 U.S.C. §841, executing the plea agreement would result in triggering §4b1.1 of the U.S. Sentencing Guidelines.

23. Counsel for petitioner was ineffective in that failed to properly investigate the possession of the hand gun, the result of which provided a further count indicting the petitioner.

24. Counsel for petitioner failed to adequately prepare, argue and brief it's Motion to SUppress tangible objects (i.e. the hand gun) filed before the trial court. Counsel failed to interview the petitioner to obtain supporting evidence for the motion, nor did counsel appropriately advise petitioner regarding his ability to testify.

25. Counsel for the petitioner was ineffective in that despite failing to investigate the siezure of the hand gun, which triggered violation of 18 U.S.C. §922(c)(1), counsel for petitioner nonetheless negotiated a plea agreement and advised petitioner to execute it.

26. Counsel for petitioner was ineffective because he failed to adequately prepare, argue and brief it's Motion to Dismiss the indictment on double jeopardy grounds, filed before the trial court.

27. Counsel for the petitioner was ineffective because he failed to file a timely objection of the governments assertion that petitioner violated 28 U.S.C. §841, thereby barring the petitioner from raising said issue before the Circuit Court of Appeals.

28. Counsel for the petitioner was ineffective because he

failed to file a timely Motion to Suppress tangible objects before the trial court, thereby barring the petitioner from raising said issue before the Circuit Court of Appeals.

29.  Counsel for the petitioner was ineffective because he failed to file a timely double jeopardy claim before the trial court, thereby barring the petitioner from raising said issue before the Circuit Court of Appeals.

30.  Counsel for petitioner failed to adequately prepare its Sentencing Memorandum and adequately object to the PSR. Counsel failed to interview petitioner to obtain supporting evidence for sentencing. Counsel further failed to investigate and present the testimony of available witnesses whose testimony, if accepted by the trial court, would have a material effect on the outcome of the sentencing. Further, counsel failed to effectively raise this issue before the Circuit Court of Appeals.

31.  Each of the above described acts or omissions, individually and collectively, violated petitioner's rights under the Fifth, Sixth, and Eighth Amendments of the United States Constitution, which constitutes a fundamental defect in the legal process that resulted in a complete miscarriage of justice. For each of the above described acts or omissions counsel's representation fell below objective standards of reasonableness, and there is a reasonable probability that but for counsel's unprofessional errors the result of the proceedings would have been different. To the extent that counsel failed to properly raise

and/or litigate these claims it was ineffective.

32. These claims were not fairly presented during direct appeal, and were the result of counsel's ineffective assistance. Petitioner relies on **Massaro v. U.S.**, 538 U.S. 500 (2003) for this Court to review this claim.

### PRAYER FOR RELIEF

**WHEREFORE, BASED UPON** the foregoing, all prior proceedings and all submissions, petitioner, KENNETH DOWTHARD, respectfully prays that this Court grant him the following relief:

A.) That petitioner be granted such discovery that is necessary for full and fair resolution of the claims contained in this Motion;

B.) That leave to amend this Motion, if necessary, be granted;

C.) That petitioner be provided an opportunity to supplement this Motion with additional breifings;

D.) That an evidentiary hearing be conducted on all claims involving disputed issues of fact;

E.) That the government be ordered to respond to this Motion; and

F.) That petitioner's conviction and sentence be vacated.

Dated: August 19th, 2008.          RESPECTFULLY SUBMITTED

KENNETH R. DOWTHARD, pro se
Reg. No. 12692-424
P.O. Box 1000
Marion, IL  62959

## CERTIFICATE OF SERVICE

I, KENNETH R. DOWTHARD, petitioner, hereby certify that a true and correct copy of the foregoing Motion and accompaning Memorandum was mailed via first-class postage, prepaid on this 19th day of August, 2008, and addressed to:

>    Michael F. Issparro
>    Assistant U.S. Attorney
>    308 West State Street
>    Suite 300
>    Rockford, IL  61101

I further hereby certify that the above statement is true and correct under penalty of perjury pursuant to 28 U.S.C. §1746.

So sworn on this 19th day of August, 2008, by:

>    KENNETH R. DOWTHARD, pro se
>    Reg. No. 12696-424



Kenneth Dowthard #13692-424
Marion U.S. penitentiary P.O. Box 1000
Marion, IL 62959

Clerk of the U.S. District Court
United States Courthouse
211 South Court Street
Rockford, IL 61101